**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21797-GAYLES**

**LORENZO ANTONIO**
**RAMIREZ PEREZ**,

  Petitioner,

v.

**DEPARTMENT OF HOMELAND**
**SECURITY,**

  Respondent.

_____/

## <u>ORDER REQUIRING AMENDED PETITION</u>

**THIS CAUSE** comes before the Court on Petitioner Lorenzo Antonio Ramirez Perez's

*pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). [ECF No. 1].

Petitioner challenges his detention by U.S. Immigration and Customs Enforcement (ICE) at the

Krome Service Processing Center in Miami. *See id.* at 1. He lists four grounds for his challenge,

and he requests as relief that the Court order his immediate release from custody. *See id.* at 6–7.

Petitioner's grounds include the legal authority and citations that he believes support his

requests for relief, including the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1232,

and *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Pet. at 6–7. Petitioner also includes general facts

and arguments about his situation, including that he has been detained beyond the statutorily

authorized period, "ICE is not likely to remove [him] in the near future," and he "doesn't pose a

threat to himself nor to the community." *See id.* at 6. Finally, Petitioner refers the Court to an

"attached memorandum with additional specific facts," *see id.*, but the Petition contains no

attachments, *see generally id.*

Under the Rules Governing Section 2254 Cases in the United States District Courts, which also apply to § 2241 petitions, *see* 28 U.S.C. § 2254 Rule 1(b), Petitioner must "specify all the grounds for relief available" to him and "state the facts supporting each ground," *see* 28 U.S.C. § 2254 Rule 2(c)(1)–(2). Because "heightened pleading requirements" apply to habeas corpus petitions, *McFarland v. Scott*, 512 U.S. 849, 856 (1994), "generalized allegations are insufficient in habeas cases," *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014). Further, it is Petitioner's "burden to establish his right to habeas relief." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008).

The Petition does not meet these requirements. Typically, when a Petition fails to meet the standard Rule 2 sets, the Court "must dismiss" it. *See* 28 U.S.C. § 2254 Rule 4; *cf. McFarland*, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) ("If a petition does not set forth a sufficient factual basis for habeas relief, the petition is legally insufficient on its face, and the district court must dismiss it." (quotation marks omitted)). Petitioner is proceeding *pro se*, however, and the Court "construe[s] a habeas petition filed by a pro se litigant more liberally than one filed by an attorney." *See Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). For that reason, the Court will give Petitioner a chance to fix this potentially "curable defect." *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

Petitioner must submit an Amended Petition that includes all claims and arguments he wishes to raise, supported by both specific facts and applicable law. *See* 28 U.S.C. § 2254 Rule 2(c)(1)–(2). He must include with his Amended Petition any supporting documents or supplements he wishes to submit, such as the "memorandum with additional specific facts" it appears Petitioner intended to attach to the Petition. *See* Pet. at 6. As it currently stands, the Petition's bare assertions

that Petitioner's detention is unlawful under the Due Process Clause, § 1232, *Zadvydas*, and related authorities, *see* Pet. at 6, are insufficient to meet his burden to establish his right to habeas relief, *see Blankenship*, 542 F.3d at 1270. And the arguments and statements of fact in the Petition, *see* Pet. at 6–7, are too general to meet the heightened pleading requirements applicable to habeas corpus petitions, making the Petition legally insufficient, *see McFarland*, 512 U.S. at 856; *Paez*, 947 F.3d at 653; *Hittson*, 759 F.3d at 1265; *Blankenship*, 542 F.3d at 1270.

Accordingly, it is **ORDERED AND ADJUDGED** that, **on or before April 21, 2026**, Petitioner Lorenzo Antonio Ramirez Perez shall file an Amended Petition for Writ of Habeas Corpus that is signed by Petitioner under penalty of perjury and complies with Rule 2 by providing adequate specific facts to support the requested grounds for relief. Failure to file an adequate Amended Petition by this deadline will result in dismissal without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of March, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:

**Lorenzo Antonio Ramirez Perez**
201-588-729
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
*PRO SE*

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov